2016 PA Super 130

| | |
|---|---|
| LINWOOD GERBER,<br><br>       Appellee<br><br>       v.<br><br>RALPH PIERGROSSI AND ROSANNE<br>PIERGROSSI AND JANET WIELOSIK,<br><br>       Appellant | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA<br><br><br><br><br><br><br>No. 1533 EDA 2015 |

Appeal from the Order April 10, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): No. 2011-35173

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.:                    **FILED JUNE 17, 2016**

Appellants, Ralph Piergrossi, Rosanne Piergrossi and Janet Wielosik, appeal from the Order entered in the Court of Common Pleas of Montgomery County by the Honorable Thomas C. Branca on April 10, 2015, granting the Motion for Summary Judgment filed by Appellee, Linwood Gerber, in this *in rem* mortgage foreclosure action.  We affirm.

The trial court aptly set forth the relevant facts and procedural history herein as follows:

> The instant dispute arises from a Mortgage ("the Mortgage") securing the real property (the "Property") located at 20 Aubrey Court, Royersford, Pennsylvania, executed and entered into by [Appellants] and Mortgage Electronic Registration Systems, Inc. ("MERS") as Nominee for [Appellee's] Successor in Interest, Infinity Home Mortgage Co., Inc. ("Infinity") on April 9, 2010, and recorded on May 13, 2010.[1] The Mortgage secured [Appellants'] obligations under a Note, given to Infinity in consideration of a loan to [Appellants] in the amount of

*Former Justice specially assigned to the Superior Court.

$278,167.00, with interest thereon at 6.00 %, payable in equal monthly installments of $1,667.75 commencing on June 1, 2010.[2] [Appellants] executed the Note, which included the following express language:

> [T]he Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payment under this Note is called the "Note Holder."

[Am. Compl. at Ex. D, (3/22/12)]. On February I, 2011, [Appellants] defaulted on the Note and Mortgage by failing to make the previously agreed upon monthly payments. On October 6, 2011, the Mortgage was assigned by MERS as Nominee for Infinity to Infinity, which assignment was duly recorded in the Office of the Recorder of Deeds of Montgomery County on October 11, 2011. The Assignment specificity provided:

> Together with the note or obligation described in the Mortgage endorsed to the Assignee, ("Note") and all moneys due and to become due on the Note and Mortgage, with interest. Assignee it[s] successors, legal representatives and assigns shall hold all rights under the Note and Mortgage forever, subject however, to the right and equity of redemption, if any, of the maker(s) of the Mortgage, their heirs and assigns forever.

[Am. Compl. at Ex. B (3/22/12)]. On October 25, 2011, Infinity sent the required Notice of Default and Intention to Foreclose to Defendants at the Property via certified and regular mail.[3]

On December 23, 2011, Infinity instituted the instant mortgage foreclosure action against [Appellants]. On February 14, 2012, [Appellants] responded with Preliminary Objections to Infinity's Complaint, but soon stipulated to an extension for Infinity to respond. Accordingly, on March 22, 2012, Infinity filed an Amended Complaint, the material allegations of which [Appellants] effectively admitted, as addressed hereinafter. Thereafter, [Appellants] filed Preliminary Objections to the Amended Complaint, which the Honorable Gary S. Silow of this Court overruled in their entirety by Order dated September 4, 2012. On October 5, 2012, [Appellants] filed an Answer and New Matter.[4] Thereafter, [Appellants] sought leave of [c]ourt to file an Amended Answer and New Matter. On May 23, 2013, after agreement by the parties via stipulation, [Appellants] filed the proposed Amended Answer and New Matter.[5]

On August 27, 2013, the Mortgage was assigned by Infinity to [Appellee], which assignment was duly recorded in the

Office of the Recorder of Deeds of Montgomery County on January 31, 2014. On February 12, 2014, pursuant to Pa. R.C.P. 2352, [Appellee] filed a Statement of Material Fact in Support of Voluntary Substitution, representing as follows:

> 1. The above-captioned Action of Mortgage Foreclosure related to a property located at 20 Aubrey Court Royersford, PA 19468 ("Property").
>
> 2. [Appellee] holds a mortgage on the Property which is recorded at Mortgage Book 12835, Page 2833 in the Office of the Recorder of Deeds for Montgomery County.
>
> 3. The original Plaintiff in this action is Infinity Home Mortgage Co., Inc.
>
> 4. Linwood C. Gerber is the successor in interest to the [Appellee] by assignment of mortgage recorded in land records of Montgomery County on January 31, 2014 in Book; 13743; 1438 Instrument # 2014006546 and
>
> is hereby voluntarily substituted as [Appellee] in the above-captioned matter.

Approximately one year later, on February 3, 2015, [Appellee] filed a Motion for Summary Judgment. [Appellants] timely filed an unverified Answer to [Appellee's] Motion for Summary Judgment. Significantly, as will be discussed hereinafter, neither the cover sheet[6] of the moving party [(Appellee)], nor the cover sheet of the responding party [(Appellants)] requested discovery with regard to the underlying Motion. Thereafter, the Court granted [Appellee's] Motion for Summary Judgment by Order dated April 9, 2014.[1] [Appellants] filed a Motion for Reconsideration, which the [c]ourt denied by Order dated April 28, 2015. On May 7, 2015, [Appellants] timely filed a Notice of Appeal, and on June 2, 2015, [Appellants] timely filed and served upon the undersigned their Concise Statement of Matters Complained [o]f On Appeal[.]

_____

[1] [Am. Compl. at Ex. A (the "Mortgage") (3/22/12)].

---

[1] The trial court entered an *in rem* judgment in favor of Appellee and against Appellants in the amount of $342,509.69, together with interest from and after February 1, 2015, at a per diem rate of $45.73 plus costs and attorney's fees.

[2] [Am. Compl. at Ex. D (the "Note") (3/22/12)].

[3] *See* 41 P.S. § 403.

[4] While the verification by defense counsel attached to [Appellants'] Answer and New Matter was insufficient under Pa. R.C.P. 1024, [Appellee's] failure to object thereupon effectively waived that shortcoming. *See LaBriola v. SEPTA*, 323 A.2d 9 (Pa. Super. Ct. 1974).

[5] This pleading was likewise not properly verified by counsel, but likewise not objected to by [Appellee]. *See* Pa. R.C.P. 1017(a), 1019(a), 1024(a); *but see LaBriota*, 323 A.2d 9.

[6] *See e.g.,* Montco. Local R. 1035(a)(1)(b)(1), 205.2(b), 1035.2(a)(2)(c)(1) requiring motions and responses to be faced with a cover sheet, whereupon the parties may request additional discovery to be concluded within sixty (60) days from the filing of the motion.

Trial Court Opinion, filed 9/25/15, at 1-4.

In their brief, Appellants present the following Statement of Question Involved:

> 1.  Whether the [t]rial [c]ourt erred as a matter of law and abused its discretion by granting [Appellee's] Motion for Summary Judgment despite the existence of a genuine issue of material fact in that the Promissory Note presented by [Appellee] did not have an endorsement as required under the Pennsylvania Uniform Commercial Code and the Superior Court's ruling in <u>JP Morgan Chase Bank, N.A. v. Murray</u>, 63 A.3d 1258,[2] thus, [Appellee] was unable to meet its burden in showing that it is the legal Noteholder and real party in interest.

Brief for Appellants at vii.

This Court's scope and standard of review of a trial court's order granting summary judgment is well-settled:

---

[2] Appellants are referring to *JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258 (Pa.Super. 2013).

In reviewing an order granting summary judgment, our scope of review is plenary, and our standard of review is the same as that applied by the trial court. Our Supreme Court has stated the applicable standard of review as follows: [A]n appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is de novo.

Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a prima facie cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

*Harris v. NGK North American, Inc.*, 19 A.3d 1053, 1063 (Pa.Super. 2011) (citation omitted). Summary judgment in mortgage foreclosure actions is subject to the same rules as other civil actions. *See* Pa.R.C.P. 1141(b).

Herein, Appellants assert a genuine issue of material fact exists as to whether Appellee has standing to maintain the underlying foreclosure action. Specifically, Appellants posit the mortgage was not assigned by the actual mortgage holder, MERS, but rather by persons purporting to represent MERS, Michele M. Jaconelli and Michael J. Jaconelli and that the promissory

note bears neither a specific indorsement,[3] a blank indorsement[4] or an allonge[5] as is required for negotiable instruments which are governed by the Pennsylvania Uniform Commercial Code ("PUCC").[6] Appellants explain that the mortgage assigned by MERS to Infinity was signed by Michael Jaconelli and Michele Jaconelli as President and Vice President of MERS, although these individuals were President and Vice President of Infinity, not of MERS. Appellants conclude the Note was not properly negotiated and the mortgage is void; therefore, Appellee is unable to meet his burden of showing he is the legal noteholder and a real party in interest. Appellants submit ***J.P. Morgan Chase Bank, N.A.***, ***supra***, is controlling under these facts and dictates that Appellee lacks standing to proceed in the instant action. Brief for Appellants at 2-4, 7-14, 25-26.

_____

[3] While Appellants utilize the term "specific indorsement," the PUCC defines a "special indorsement" as one made by the holder of an instrument that identifies a person to whom it makes the instrument payable. 13 Pa.C.S.A. § 3205. A special indorsement renders the instrument payable to the identified person who, in turn, is the only individual who may transfer the note by subsequent endorsement. ***See JP Morgan Chase Bank, N.A.***, 63 A.3d at 1272 n. 5.

[4] The PUCC defines a blank indorsement as follows: "If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement.' When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." 13 Pa.C.S.A. § 3205(b).

[5] An allonge is defined as "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." Black's Law Dictionary 76 (Deluxe 7th ed.).

[6] 13 Pa.C.S.A. §§ 1101-9809.

In this regard, this Court recently explained:

> Pennsylvania Rule of Civil Procedure 2002 provides, "[e]xcept as otherwise provided ... all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts." Pa.R.C.P.2002(a); **see also J.P. Morgan Chase Bank, N.A. v. Murray**, 63 A.3d 1258, 1258 (Pa.Super. 2013) (finding a debtor's claim that appellee bank was not a real party in interest to bring foreclosure action was a challenge to appellee's standing). "[A] real party in interest is a [p]erson who will be entitled to benefits of an action if successful.... [A] party is a real party in interest if it has the legal right under the applicable substantive law to enforce the claim in question." **U.S. Bank, N.A. v. Mallory**, 982 A.2d 986, 993–994 (Pa.Super. 2009) (citation and quotation marks omitted; some brackets in original).
>
> In a mortgage foreclosure action, the mortgagee is the real party in interest. **See Wells Fargo Bank, N.A. v. Lupori**, 8 A.3d 919, 922 n. 3 (Pa.Super. 2010). This is made evident under our Pennsylvania Rules of Civil Procedure governing actions in mortgage foreclosure that require a plaintiff in a mortgage foreclosure action specifically to name the parties to the mortgage and the fact of any assignments. Pa.R.C.P. 1147. A person foreclosing on a mortgage, however, also must own **or** hold the note. This is so because a mortgage is only the security instrument that ensures repayment of the indebtedness under a note to real property. **See Carpenter v. Longan**, 83 U.S. 271, 275 (1872) (noting "all authorities agree the debt is the principal thing and the mortgage an accessory."). A mortgage can have no separate existence. **Id**. When a note is paid, the mortgage expires. **Id**. On the other hand, a person may choose to proceed in an action only upon a note and forego an action in foreclosure upon the collateral pledged to secure repayment of the note. **See Harper v. Lukens**, 112 A. 636, 637 (Pa. 1921) (noting "as suit is expressly based upon the note, it was not necessary to prove the agreement as to the collateral."). **For our instant purposes, this is all to say that to establish standing in this foreclosure action, appellee had to plead ownership of the mortgage under [Pennsylvania Rule of Civil Procedure] 1147, and have the right to make demand upon the note secured by the mortgage**.

*CitiMortgage, Inc. v. Barbezat*, 131 A.3d 65, 68 (Pa.Super. 2016)

(footnote omitted) (emphasis added). In addition,

> [t]he holder of a mortgage has the right, upon default, to initiate a foreclosure action. Additionally, the mortgage holder "is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." The foreclosing party can prove standing either by showing that it (1) originated or was assigned the mortgage, **or** (2) is the holder of the note specially indorsed to it **or** indorsed in blank.

*J.P. Morgan Chase, N.A. v. Murray*, 63 A.3d 1258, 1267–1268, n.6 (Pa.Super. 2013) (citations omitted) (emphasis added).

Based upon the record evidence produced by Appellee in support of his motion for summary judgment, we find Appellants' claim that Appellee lacks standing to pursue the underlying mortgage foreclosure action because he did not establish a valid assignment of the mortgage and that the Note was never assigned or otherwise transferred to him lacks merit. Contrary to Appellants' claims, Appellee has both averred and produced evidence that he is the holder of the mortgage. Specifically, Infinity alleged in its Amended Complaint in Mortgage Foreclosure that:

> 2. On April 09, 2010, mortgagors made, executed and delivered a mortgage upon the Property hereinafter described to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR INFINITY HOME MORTGAGE COMPANY, INC., which mortgage is recorded in the Office of the Recorder of Deeds of Montgomery County as Book 12835, Page 2833. A true and correct copy of the mortgage is attached hereto as Exhibit "A." The mortgage has been assigned to INFINITY HOME MORTGAGE COMPANY, INC. by assignment of Mortgage recorded in the Office of the Recorder of Deeds of Montgomery County on

October 11, 2011 as Book 13162, Page 00506-00510. A true and correct [sic] of the recorded assignment of mortgage is attached hereto as Exhibit "B."

Amended Complaint in Mortgage Foreclosure, 3/22/12 at ¶ 3. Copies of the original recorded mortgage and its recorded assignment to Infinity were produced. *Id*. at Exhibits A, B. Thereafter, on January 31, 2014, an Assignment of Mortgage was recorded in the Office of the Recorder of Deeds of Montgomery County in Book 13743, Page; 1438 Instrument #2014006546 wherein Infinity did "convey, grant, assign, transfer and set over the described Mortgage [dated 4/29/2010] with all interest secured thereby, all liens, and any rights due or to become due thereon to Linwood C. Gerber, whose address is 116 New Road, Tabernacle, NJ 08088, (Assignee)." Also, Paragraph C of the Mortgage recorded on April 29, 2010, indicates "MERS is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument." *See* Mortgage filed 5/13/10, at 1.[7]

As such, while Appellants challenge Appellee's standing to assert rights under the mortgage, the uncontroverted evidence of record evinces Appellee properly holds the mortgage by way of assignment and is the real party in

_____

[7] When considering a petition to set aside sheriff's sale, this Court has stated that a mortgage may vest MERS with the authority, as nominee, to enforce a loan. *Mortgage Electronic Registration Systems, Inc. v. Ralich*, 982 A.2d 77, 81 (Pa.Super. 2009).

interest in the mortgage foreclosure action. Appellants have offered no evidence in opposition to Appellee's motion for summary judgment to establish a genuine issue of material fact in this regard, nor do they assert that further discovery would uncover such facts. "Where an assignment is effective, the assignee stands in the shoes of the assignor and assumes all of his rights." ***Barbezat***, 131 A.3d at 69. (citation omitted).

Notwithstanding, Appellants further aver the Note does not bear an indorsement from Infinity to Appellee. Appellants engage in a lengthy argument that as a negotiable instrument governed by the PUCC, the Note needed to be properly indorsed and as it was not, Appellee cannot establish ownership thereof because it was never assigned to Appellee; therefore, he is not a real party in interest. Brief for Appellants at 14-20. When considering this claim, the trial court observed that Appellee asserted in paragraph three of his Motion for Summary Judgment that he is the holder of both the mortgage and the Note and identified the terms thereof. In addition, Appellee indicated Appellants had signed the Note in paragraph five of his motion and attached a copy of the Note to the motion.

The trial court indicated that in their answer to the motion for summary judgment, Appellants generally denied the assertions in paragraph three and admitted that Exhibit "A" constituted a copy of the Note they had signed and stated that the document "speaks for itself." Stressing that Pa.R.C.P. 1035.3(a) provides that an adverse party to a motion for summary

judgment may not rest upon mere allegations or denials of the pleadings to preclude the entry of judgment, the trial court found that the record undisputedly reveals Appellants executed and thereby bound themselves to the terms of the Promissory Note of which Appellee is in possession. Trial Court Opinion, filed 9/25/15 at 8-10. As such, the trial court further found that in light of their admission Appellee is in possession of the Note, Appellants' reliance upon *J.P. Morgan Chase Bank, N.A, supra*, is clearly misplaced. *Id*. at 10.

Therein, a panel of this Court reversed the grant of summary judgment and remanded for further proceedings upon finding the parties disagreed as to whether J.P. Morgan Chase Bank had produced for Murray's inspection the original note and whether the loose allonge also provided for Murray's inspection was itself an original that purported to indorse the original note in blank. Holding that such discrepancy must be resolved by a fact-finder following the introduction of available documentary and testimonial evidence, we vacated the trial court's order permitting J.P. Morgan to substitute itself as a party for the alleged predecessor holders of the mortgage and note and in doing so explained that if J.P. Morgan were unable to establish its possession of the Note on remand, it would need to establish successor status by other means. *J.P. Morgan Chase Bank, N.A.*, at 1268-69. Therefore, a factual question was presented as to whether the plaintiff had standing to commence a foreclosure action.

Relevant to the issue presented herein, this Court stated that given our conclusion a material issue of fact existed as to **possession** of the original note, we would not address Murray's remaining, standing-related arguments; however, we clarified that "under the PUCC these arguments are immaterial if Appellee holds the Note . . . ." *Id*. at 1269.

To the contrary, possession or authenticity of the original Note is not at issue herein. Furthermore, Appellants do not contest that the Note produced by Appellee, dated April 9, 2010, and executed by Appellants, contains a provision entitled "Borrower's Promise to Pay." While this provision specifies the Lender is Infinity, it further states: "I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" In addition, in the paragraph entitled "Transfer of Rights in the Property" the mortgage further provides:

> This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the following described property. . . .[8]

---

[8] It is noteworthy that although Appellants argued in their Concise Statement of Matters Complained of on Appeal that the trial court had "erred as a matter of law and abused its discretion in granting [Appellee's] Motion for Summary Judgement [sic] despite there being a genuine issue of material fact in that [Appellee's] calculations of amounts claimed due were

*(Footnote Continued Next Page)*

In their reply brief, Appellants stress that because the instant Note is not indorsed, "it is payable only to Infinity." Reply Brief for Appellants at 4. However, Appellants do not challenge the Statement of Voluntary Substitution wherein Infinity indicated that Appellee is its successor in interest by an assignment of a duly recorded mortgage. **See** Statement of Material Facts in Support of Voluntary Substitution Under Pa.R.C.P. 2352 ¶ 4; [Appellant's] Answer to Plaintiff's Motion for Summary Judgment ¶ 20 ("admitting only that [Appellee]" was voluntarily substituted for Infinity"). It would follow then that if the Note were payable to Infinity, and Appellee is Infinity's successor in interest and in possession of the Note, the Note is payable to Appellee regardless of whether or not it is indorsed. Notwithstanding, the aforementioned language evinces the subject Note is a "bearer note"[9] and such a note is payable to the bearer if it "states that is is payable to bearer or to the order of bearer or otherwise indicates that the person in possession of the promise or order is entitled to payment." **J.P. Morgan Chase Bank, N.A.**, **supra** at 1266.

Also, we have determined a note secured by a mortgage is a negotiable instrument, as that term is defined by the PUCC, and stated that

_____
_(Footnote Continued)_

incorrect[,]" they have not pursued this issue on appeal herein. **See** Defendants' Concise Statement of Matters Complained of on Appeal" at ¶ 13.
[9] A note indorsed in blank "becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." 13 Pa.C.S.A. § 3205.

"[p]ursuant to the PUCC, a debtor who satisfies his obligations under a negotiable instrument cannot be required to do so again, even if the recipient of the debtor's performance is not the holder of the note in question." *Id.* at 1263, 1265 (citing 13 Pa.C.S. § 3602(a)). We further reasoned that under the PUCC, a borrower is not in peril of double liability or injury by an allegedly defective assignment, for if the assignment to the foreclosing party had been defective, the borrower would not have to pay on the note to another party. Thus, we found a borrower lacks standing to challenge the validity of the assignment. *Id.* at 1266; *see also In re Walker*, 466 B.R. 271, 285–286 (Bankr.E.D.Pa. 2012) (stating "If a borrower cannot demonstrate potential injury from the enforcement of the note and mortgage by a party acting under a defective assignment, the borrower lacks standing to raise the issue") (citation omitted).

As such, Appellants misconstrue this Court's holding in *J.P. Morgan Chase Bank, N.A.*, as standing for the proposition that "an unendorsed Note, not held by the original creditor, cannot result in the presenter being a holder [and] the holder would have no right to pursue a mortgage foreclosure action." Brief for Appellants at 22. To the contrary, this Court stressed therein that "the chain of possession by which [a party] c[o]me[s] to hold the [n]ote [is] immaterial to its enforceability by [the party]." *Id.*, 63 A.3d at 1266. Appellee, as the holder of the Note, a negotiable instrument the authenticity of which is not challenged herein, is entitled to make demand upon and to enforce Appellants' obligations thereunder.

- 14 -

Accordingly, given Appellee's ownership of the mortgage and possession of the Note, we find he has standing as a real party in interest to pursue the underlying foreclosure action. ***See Citimortgage, Inc. v. Barbezat***, 131 A.3d 65, 69 (Pa.Super. 2016). For these reasons, we conclude Appellants' issue lacks merit and the trial court did not abuse its discretion or err as a matter of law in awarding summary judgment in favor of Appellee. Accordingly, we affirm the trial court's April 10, 2015, Order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/17/2016