J-S72032-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE IN TRUST FOR CITIGROUP MORTGAGE LOAN TRUST INC., ASSET BACKED PASS THROUGH CERTIFICATES SERIES 2003-HE3, | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : : | |
| v. | : : | |
| JOSEPH T. SUCEC, | : : | No. 335 MDA 2016 |
| Appellant | | |

Appeal from the Judgment Entered January 29, 2016,
in the Court of Common Pleas of Adams County,
Civil Division at No(s): 13-S-182

BEFORE: GANTMAN, P.J., DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED DECEMBER 16, 2016**

Joseph T. Sucec (Sucec) appeals from the judgment entered in favor of HSBC Bank USA, National Association as Trustee in Trust for Citigroup Mortgage Loan Trust Inc., Asset Backed Pass Through Certificates Series 2003-HE3 (HSBC Bank),[1] in this mortgage foreclosure action. Upon review, we affirm.

---

[1] HSBC Bank's name as listed in its complaint in mortgage foreclosure was "HSBC Bank USA, as Trustee in Trust for Citigroup Mortgage Loan Trust, Inc., Asset Backed Pass-Through Certificates Series 2003-HE3." On April 30, 2014, HSBC Bank filed a "Praecipe for Voluntary Substitution of Party Plaintiff Pursuant to Pa.R.C.P. 2352," requesting that the prothonotary substitute "HSBC Bank USA, National Association as Trustee in Trust for Citigroup Mortgage Loan Trust Inc., Asset Backed Pass Through Certificates Series 2003-HE3" as successor plaintiff.

*Retired Senior Judge assigned to the Superior Court.

HSBC Bank filed a complaint on February 21, 2013, seeking to foreclose on a mortgage. Therein, HSBC Bank asserted that "[o]n or about October 2, 1998, Anna M. Saul and Russell W. Saul made, executed and delivered to Lancorp Mortgage Services a mortgage in the original principal amount of $83,700.00 on the premises" located at 325 Peach Glen Idaville Road, Gardners, PA. HSBC Bank's Complaint, 2/21/2013, at ¶ 4 & Exhibit B. HSBC Bank averred that the mortgage was recorded in the Office of the Recorder of Adams County in Book 1678, Page 0088. *Id.* at ¶ 4. HSBC Bank alleged that it was the current mortgagee by virtue of an assignment of mortgage recorded June 26, 2012. *Id.* at ¶ 5. The assignment was recorded in the Office of the Recorder of Adams County in Book 5718, Page 781. *Id.* HSBC Bank also alleged that it had possession of the promissory note, and that it was either the original payee of the note or the note had been duly endorsed. *Id.* at ¶ 3.

According to the complaint, Russell W. Saul died on or about June 24, 2004, and "his ownership interest was automatically vested in the surviving tenant by the entirety." *Id.* at ¶ 6. On July 9, 2009, Anna M. Saul died and Sucec, who was Anna M. Saul's "surviving heir[] at law and next-of-kin," was appointed administrator of her estate. *Id.* at ¶ 8. HSBC Bank averred that the mortgage was in default "for, *inter alia*, failure to pay the monthly installments of principal and interest due January 1, 2012." *Id.* at ¶ 10. HSBC Bank alleged that, as of January 15, 2013, the amount due and owing

to it on the mortgage was $76,840.41 plus interest and additional amounts as authorized by law. *Id.* at ¶ 11. HSBC Bank attached to the complaint a copy of the note and allonges and a legal description of the property, and it incorporated the mortgage and the assignment of mortgage by reference in accordance with Pa.R.C.P. 1019(g).[2] *Id.* at ¶¶ 3-5 & Exhibits A-B.

Sucec filed an answer with new matter on March 20, 2013. HSBC Bank filed a reply to Sucec's new matter on June 12, 2013. On December 8, 2015, following litigation relating to, *inter alia*, interrogatories served upon HSBC Bank by Sucec, HSBC Bank filed a "Motion for Summary Judgment and to Assess Damages," which Sucec opposed. On January 29, 2016, the trial court granted HSBC Bank's motion for summary judgment and entered a judgment in mortgage foreclosure against Sucec in the amount of $99,625.95 plus interest, additional late charges, attorney's fees and costs, and for foreclosure and sale of the mortgaged premises. This appeal followed.

On appeal, Sucec presents three questions for our consideration; however, it is clear from his argument that he challenges HSBC Bank's standing to bring this foreclosure action.

---

[2] "Any part of a pleading may be incorporated by reference in another part of the same pleading or in another pleading in the same action. A party may incorporate by reference any matter of record in any State or Federal court of record whose records are within the county in which the action is pending, or any matter which is recorded or transcribed verbatim in the office of the prothonotary, clerk of any court of record, recorder of deeds or register of wills of such county." Pa.R.C.P. 1019(g).

The standards which govern summary judgment are well settled. When a party seeks summary judgment, a court shall enter judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could be established by additional discovery. A motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law. In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Finally, the court may grant summary judgment only when the right to such a judgment is clear and free from doubt. An appellate court may reverse the granting of a motion for summary judgment if there has been an error of law or an abuse of discretion.

*Swords v. Harleysville Insurance Companies*, 883 A.2d 562, 566-67 (Pa. 2005) (citations omitted). Summary judgment in mortgage foreclosure actions is subject to the same rules as any other civil action. Pa.R.C.P. 1141(b).

With respect to Sucec's standing challenge on appeal, we observe that, other than pursuant to exceptions not relevant to this case, "all actions shall be prosecuted by and in the name of the real party in interest." Pa.R.C.P. 2002(a). "In a mortgage foreclosure action, the mortgagee is the real party in interest." *Gerber v. Piergrossi*, 142 A.3d 854, 859 (Pa. Super. 2016).[3]

In the original mortgage instrument signed by the Sauls, Lancorp Mortgage Services is the named "Lender." HSBC Bank's Motion for

---

[3] This Court has observed that "[t]he foreclosing party can prove standing either by showing that it (1) originated or was assigned the mortgage, or (2) is the holder of the note specially indorsed to it or indorsed in blank." *Gerber*, 142 A.3d at 859-60 (emphasis omitted).

Summary Judgment and to Assess Damages, 12/8/2015, Exhibit A, Open End Mortgage Instrument, at 1.  That mortgage instrument provides that the subject property is mortgaged, granted, and conveyed to "Lender."  *Id.*  The mortgage instrument further explains that "[t]he Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to" the Sauls.  *Id.* at 5.  Thus, the mortgage instrument clearly contemplates transfer of the mortgage.

Based on the unbroken chain of recorded assignments from the original lender to HSBC Bank,[4] it is clear that HSBC Bank, as the mortgagee, has standing to bring this foreclosure action against Sucec.  Accordingly, the trial court did not err in granting the motion for summary judgment.

Judgment affirmed.

---

[4] A review of the recorded assignments HSBC Bank attached to its motion for summary judgment reveals the following:  by assignment recorded on March 30, 1999, Lancorp Mortgage Services assigned the mortgage to Flagstar Bank; by assignment recorded on June 26, 2012, Flagstar Bank assigned the mortgage to HSBC Bank USA, as Trustee in Trust for Citigroup Mortgage Loan Trust, Inc., Asset Backed Pass-Through Certificates Series 2003-HE3; and by assignment recorded on May 16, 2014, HSBC Bank, USA as Trustee in Trust for Citigroup Mortgage Loan Trust, Inc., Asset Backed Pass-through Certificates Series 2003-HE3, By Wells Fargo Bank, N.A., as their attorney-in-fact assigned the mortgage to HSBC Bank.  HSBC Bank's Motion for Summary Judgment and to Assess Damages, 12/8/2015, Exhibits A3-A5.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2016