J-A33033-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| HELEN DAVIS, M.D. APPELLANT | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| NVR, INC.; RYAN HOMES, MERITAGE GROUP, L.P.; STROSCHEIN ROAD ASSOCIATES, L.P.; R.F. MITALL & ASSOCIATES; RONALD HARVEY; RONALD HARVEY EXCAVATING AND SNOWPLOWING; F&F CONSULTANTS, INC.; AND LANDSCAPES AND MORE, INC. | : : : : : : : : : | |
| | : | No. 492 WDA 2016 |

Appeal from the Order November 5, 2014
in the Court of Common Pleas of Allegheny County
Civil Division at No(s): No. GD-12-17475
No. GD-13-001235

BEFORE:    LAZARUS, SOLANO, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED JANUARY 31, 2017**

Helen Davis, M.D. (Plaintiff) appeals from the November 5, 2014 orders that granted summary judgment in favor of NVR, Inc.; Meritage Group, LP; R.F. Mittall & Associates; and Stroschein Road Associates, L.P. (collectively Defendants) in this slip and fall action.[1]  We affirm.

The trial court summarized the case as follows.

Plaintiff alleges in her complaint that she fell and was injured when she slipped after stepping onto ice on a sidewalk as she exited her parked car [on January 17, 2011].  The fall

---

[1] The orders became final and appealable when the action was discontinued as to all remaining defendants on March 21, 2016.

*Retired Senior Judge assigned to the Superior Court.

occurred on a common area sidewalk owned by the Lexington Hills Homeowners Association. The section of the sidewalk where Plaintiff fell passed through a wetland area. Plaintiff alleges that for several years prior to the Plaintiff's fall that area of the sidewalk would, periodically, be covered with water, and of course, during the winter months, the water would freeze. Plaintiff alleges that Defendants, who were granted summary judgment, contributed to creating this condition. Plaintiff alleges that Mitall designed the placement of the sidewalk in such a way that the sidewalk ran adjacent to and passed through the wetland area, Meritage had the right to approve or disapprove the plans submitted by Mitall, and NVR actually installed the sidewalk in the common area. Each of Defendants moved for summary judgment based principally upon the fact that none of them w[as] the owner or possessor of the land on which Plaintiff was injured at the time of her fall.

Trial Court Opinion, 5/4/2016, at 1-2 (unnecessary capitalization and articles omitted).

By orders dated November 5, 2014, the trial court granted Defendants' motions based upon this Court's decision in **Longwell v. Giordano**, 57 A.3d 163, 164 (Pa. Super. 2012), *appeal denied*, 79 A.3d 1099 (Pa. 2013) (affirming grant of summary judgment in favor of contractor pursuant to Restatement (Second) of Torts § 385 where the evidence indicated that the contractor did not make the site of the fall "dangerous in a way that the [plaintiffs] were unlikely to discover").

Plaintiff timely filed a notice of appeal, and both she and the trial court complied with Pa.R.A.P. 1925. Plaintiff presents the following questions for this Court's consideration.

> 1. Whether this [C]ourt's decision in **Longwell v. Giordano**, holding that Restatement (Second) of Torts § 385

- 2 -

applies only to latent dangerous conditions on land, should be overturned.

2. Whether the trial court erred in failing to apply Restatement (Second) of Torts § 398, and therefore improperly granted summary judgment to those who designed and planned a dangerous condition on land which caused injury to a third person.

Plaintiff's Brief at 6.

We begin with our standard of review.

In reviewing an order granting summary judgment, our scope of review is plenary, and our standard of review is the same as that applied by the trial court. Our Supreme Court has stated the applicable standard of review as follows: [A]n appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is *de novo*.

Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

*Gerber v. Piergrossi*, 142 A.3d 854, 858 (Pa. Super. 2016) (quoting

*Harris v. NGK North American, Inc.*, 19 A.3d 1053, 1063 (Pa. Super.

2011)).

Next, we consider the applicable law, namely, this Court's decision in

***Longwell***.  In that case, Longwell was injured when he fell off of a seven- or

eight-inch drop at the edge of a paved driveway in the apartment complex in

which he resided.  Longwell knew that there was a drop, but was unable to

see it on the night in question due to poor lighting conditions.  Longwell and

his wife sued the Giordanos, who were the landlords, as well as C.J. Long,

the contractor the Giordanos had hired to pave the driveway.  The trial court

granted motions for summary judgment filed by the Giordanos and C.J.

Long.  This Court reversed as to the Giordanos, holding that there were

material issues of fact regarding the landlords' liability.  However, this Court

affirmed as to the contractor based upon section 385 of the Restatement

(Second) of Torts, explaining as follows.

> One who on behalf of the possessor of land erects a structure or creates any other condition thereon is subject to liability to others upon or outside of the land for physical harm caused to them by the dangerous character of the structure or condition after his work has been accepted by the possessor, under the same rules as those determining the liability of one who as manufacturer or independent contractor makes a chattel for the use of others.

***Gresik v. PA Partners, L.P.***, 989 A.2d 344, 348 (Pa. Super. 2009), *affirmed on other grounds*, ***Gresik v. PA Partners, L.P.***, 33 A.3d 594 (Pa. 2011) (quoting Restatement (Second) of Torts § 385).

> As the liability of a servant or an independent contractor who erects a structure upon land or otherwise changes its physical condition is determined by the same rules as those which

- 4 -

determine the liability of a manufacturer of a chattel, it follows that such a servant or contractor who turns over the land with knowledge that his work has made it dangerous **in a manner unlikely to be discovered by the possessor** is subject to liability both to the possessor, and to those who come upon the land with the consent of the possessor or who are likely to be in its vicinity.

*Id.* at 350 (quoting Restatement (Second) of Torts § 385 cmt. c.) (emphasis added). In *Gresik*, this Court analyzed section 385 of the Restatement (Second) of Torts in the context of a tragic accident at a steel mill. This Court applied comment c. to section 385, and expressly declined to follow the Pennsylvania Commonwealth Court's reasoning in *Gilbert v. Consolidated Rail Corp.*, [623 A.2d 873, 875 (Pa. Cmwlth. 1993)], which held that "comment (c) provides for potential liability to third persons and the possessor of the property when the condition may be considered a latent defect." Instead, this Court embraced the interpretation urged by the dissent in *Gilbert*, and held that "as a precondition for establishing liability under Section 385, a plaintiff must show that the danger was one unlikely to be discovered by the possessor or those who come upon the land with the possessor's consent." Our Supreme Court affirmed this decision on other grounds, and never reached the question of how to interpret the relevant language of comment c. to section 385.

Applying our reasoning in *Gresik* to the instant case, it cannot be said that C.J. Long made the area of the drop-off dangerous in a way that the Giordanos were unlikely to discover. The Longwells have made no argument to this effect, and indeed, point out that Mr. Giordano was apparently aware that there was a drop-off, both before and after C.J. Long was hired to add an additional coating of blacktop. Accordingly, we find that the trial court did not err in holding that C.J. Long owed no duty to the Longwells and affirm the order of the trial court granting summary judgment in favor of C.J. Long.

*Longwell*, 57 A.3d at170–71 (some citations omitted).

Applying this law to the facts at hand, the trial court concluded that Defendants were not liable to Plaintiff:

> In this case, there is no disagreement that Plaintiff has acknowledged on numerous occasions that she was aware of the water flowing onto the sidewalk and, in fact, notified the Lexington Hills Homeowners Association about the allegedly dangerous condition.
>
> For this reason, Section 385 of the Restatement of Torts Second does not impose liability upon Defendants….

Trial Court Opinion, 5/4/2016, at 4 (some articles omitted).

In arguing that the trial court's decision should be reversed, Plaintiff first contends that we should overturn the **Longwell** decision. This we could not do even if we agreed with Plaintiff that **Longwell** was wrongly decided.[2] **See**, **e.g.**, **Commonwealth v. Beck**, 78 A.3d 656, 659 (Pa. Super. 2013) ("This panel is not empowered to overrule another panel of the Superior Court."). Accordingly, Plaintiff's first issue merits no relief from this Court.

Plaintiff's remaining argument is that summary judgment should not have been granted to Mitall and Meritage. Because those entities designed and planned the dangerous condition, Plaintiff maintains that they are subject to liability based upon section 398 of the Restatement (Second) of Torts. Plaintiff's Brief at 27-28. That section provides as follows:

> A manufacturer of a chattel made under a plan or design which makes it dangerous for the uses for which it is manufactured is subject to liability to others whom he should expect to use the

---

[2] The author of this memorandum, also the author of **Longwell**, does not agree with Plaintiff that **Longwell** was wrongly decided.

chattel or to be endangered by its probable use for physical harm caused by his failure to exercise reasonable care in the adoption of a safe plan or design.

Restatement (Second) of Torts § 398. A comment to the section provides: "If the dangerous character of the plan or design is known to the user of the chattel, he may be in contributory fault if the risk involved in using it is unreasonably great or if he fails to take those special precautions which the known dangerous character of the chattel requires." *Id.* at cmt. b.

Plaintiff argues that because liability may be imposed upon a planner or designer under section 398 even if the user is aware of the danger created by it, her awareness of the propensity of the walkway to gather water and become icy does not preclude her from recovering from designers/planners Mitall and Meritage. Plaintiff's Brief at 28. We disagree.

As discussed in ***Longwell***, a contractor is not held liable for a condition it caused after the possessor of the land accepts the work unless the contractor knew "that his work has made it dangerous in a manner unlikely to be discovered by **the possessor**." Restatement (Second) of Torts § 385 cmt. c. (emphasis added). In such cases, the contractor who is no longer in possession of the property is nonetheless liable both to the possessor and to people on the land with the possessor's consent for harm caused by the latent defect. ***Id.***

Here, there was no question of material fact precluding entry of judgment as a matter of law: the condition of water covering the sidewalk in

the wetlands area was one likely to be discovered by the possessor and, indeed, was known by the possessor long before Plaintiff's injury.[3] **See**, **e.g.**, Meritage Group's Motion for Summary Judgment at Exhibit G (indicating in an email to Plaintiff in 2010, that Elite Management was aware of the water seepage problem and had tried three times to remedy it). Under such circumstances, section 385 eliminated the claims against the out-of-possession contractors, and section 398 never came into play.

Accordingly, the trial court did not err in granting Defendants' motions for summary judgment.

Orders affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/2017

---

[3] The docket of GD-13-001235 reveals that Plaintiff's case against the Lexington Hills Homeowner's Association and Elite Management Services Group, the company hired by the Association to maintain the common areas of the plan, was settled and discontinued by praecipe filed on March 7, 2016.