J-S18032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2 | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| STEPHEN R. SAFT AND ELLYN GOLDER SAFT | |
| Appellants | No. 1750 EDA 2016 |

Appeal from the Order Dated May 5, 2016
in the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2014-22230

BEFORE: PANELLA, SOLANO, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED APRIL 11, 2017**

Appellants, Stephen R. Saft and Ellyn Golder Saft, appeal from the order of the Montgomery County Court of Common Pleas granting summary judgment in favor of Bank of America, N.A ("BANA"),[1] and entering an *in rem* judgment of $600,893.78, with interest, in BANA's favor. Appellants contend the trial court impermissibly relied on an affidavit when granting summary judgment. We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] On January 20, 2017, this Court granted an application for voluntary substitution of a party and amended the name of the captioned Appellee as "Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2." Order, 1/20/17.

The trial court set forth the factual and procedural history of this matter as follows:

> On November 8, 2005, [Appellants] made, executed, and delivered to Lafayette Lending Group, Inc. ("Lender") a promissory note ("the Note") in consideration for a loan made by Lender to [Appellants] on said date, whereby [Appellants] promised and agreed to pay to Lender, its successors and assigns, the principal loan amount of $550,000.00 at 5.875%. As security for the Note, [Appellants] made, executed, and delivered a mortgage ("the Mortgage") [on 525 Hoffman Drive in Bryn Mawr, Pennsylvania ("Property")] to Lender. [BANA] is in possession of the Note, indorsed in blank.
>
> [BANA] filed a Complaint in foreclosure on July 28, 2014.

Trial Ct. Op., 6/6/16, at 1.

BANA's complaint contained the following allegations:

> 3. On 11/08/2005 [Appellants] made, executed and delivered a mortgage upon the premises hereinafter described to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR LAFAYETTE LENDING GROUP, INC., which mortgage is recorded in the Office of the Recorder of Deeds of MONTGOMERY County, in Mortgage Book 11690, Page 2595. By Assignment of Mortgage recorded 11/26/2013 the mortgage was assigned to [BANA], which Assignment is recorded in Assignment of Mortgage Book 13717, Page 02749. The mortgage and assignment(s), if any, are matters of public record and are incorporated herein by reference in accordance with Pa.R.C.P. 1019(g);[2] which Rule relieves

---

[2] Rule 1019(g) states:

> Any part of a pleading may be incorporated by reference in another part of the same pleading or in another pleading in the same action. A party may incorporate by reference any matter of record in any State or Federal court of record whose records are within the county in which the action is

- 2 -

[Appellee] from its obligations to attach documents to pleadings if those documents are of public record.

4. The premises subject to said mortgage is described as attached.

5. The mortgage is in default because monthly payments of principal and interest upon said mortgage due 09/01/2013 and each month thereafter are due and unpaid, and by the terms of said mortgage, upon failure of [Appellants] to make such payments after a date specified by written notice sent to [Appellants], the entire principal balance and all interest due thereon are collectible forthwith.

6. The following amounts are due on the mortgage as of 06/13/2014:

| | |
|---|---|
| Principal Balance | $485,023.37 |
| Interest 08/01/2013 through 06/13/2014 | $24,682.73 |
| Late Charges | $488.01 |
| Property Inspections | $32.25 |
| Escrow Deficit | $6,775.74 |
| **TOTAL** | **$517,002.10** |

BANA's Compl., 7/28/14, at ¶¶ 3-6.

Appellants filed an answer and new matter on August 28, 2014, responding, in relevant part, as follows:

3. Denied. After reasonable investigation [Appellants] lack knowledge or information sufficient to form a belief as to

pending, or any matter which is recorded or transcribed verbatim in the office of the prothonotary, clerk of any court of record, recorder of deeds or register of wills of such county.

Pa.R.C.P. 1019(g).

the truth of the averments contained in this paragraph. Strict proof is demanded at trial.

4. Admitted.

5. Denied. After reasonable investigation [Appellants] lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. [Appellants] are entitled to a full accounting through the master transaction histories and general ledger for the account since a summary of said information cannot be relied upon to determine the rightful amounts owed. Strict proof is demanded at trial.

6. Denied. After reasonable investigation [Appellants] lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. [Appellants] are entitled to a full accounting through the master transaction histories and general ledger for the account since a summary of said information cannot be relied upon to determine the rightful amounts owed. Strict proof is demanded at trial.

Appellants' Answer & New Matter, 8/28/14, at ¶¶ 3-6. In their new matter, Appellants asserted BANA was not entitled to relief because it could not produce the original mortgage and did not maintain the business records for the mortgage. *Id.* at ¶¶ 11, 13-14.

BANA filed a reply to the new matter asserting it properly incorporated the mortgage by reference. Further, BANA attached copies of the mortgage, the assignment of the mortgage, and the note as exhibits to its reply. The attached assignment read:

CORPORATE ASSIGNMENT OF MORTGAGE

Montgomery, Pennsylvania
SELLER'S SERVICING # :0143676068 "SAFT"
MERS #: 1000104014387606134 SIS #: 1-888-679-6377

Date of Assignment: November 19th, 2013
Assignor. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR LAFAYETTE LENDING GROUP, INC., ITS SUCCESSORS AND ASSIGNS Assignee: BANK OF AMERICA, N.A., A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE UNITED STATES

I hereby certify the precise address of the within named Assignor is 1901 E VOORHEES STREET, SUITE C, DANVILLE, IL 61834,

I hereby certify the precise address of the within named Assignee is 200 S. COLLEGE ST, CHARLOTTE, NC 28255.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC is at 1901 E Voorhees Street, Suite C, Danville, IL 61834 P.O. BOX 2026, FLINT, MI 48501-2026

Executed By: STEPHEN R SAFT AND ELLYN GOLDER SAFT To: LAFAYETTE LENDING GROUP, INC.

Date of Mortgage: 11/08/2005 Recorded: 12130/2005 in Book/Reel /Liben 11690 Page/Folio: 2595 as Instrument Document: 2005190467 In the County of Montgomery, State of Pennsylvania. 525 HOFFMAN DRIVE, BRYN MAWR, PA 19010 in the Township of LOWER MERION

BANA's Reply to Appellants' New Matter, 9/17/14, Ex. B.

BANA filed the instant motion for summary judgment on January 26, 2016, claiming it was owed $600,893.78 with interest and costs. BANA alleged Appellants "filed an Answer and New Matter in which they have effectively admitted all of the allegations of the Complaint [and] generally denie[d] paragraphs five (5) and six (6) of the Complaint, which aver the default and amounts due on the Mortgage." BANA's Mot. for Summ. J., 1/26/16, at ¶ 11-12. BANA also attached to its motion an affidavit of an

officer at Suntrust Mortgage, Inc., BANA's servicing agent ("Suntrust affidavit"). **Id.**, Ex. B. The affidavit purported to confirm the default and the amount of the debt and included a loan history report. **Id.** at ¶ 5 & Ex. B.

Appellants filed a response on February 22, 2016. Appellants denied the allegations in BANA's motion for summary judgment and requested that the Suntrust affidavit be stricken as inadmissible hearsay. Appellants' Resp. in Opp'n to BANA's Mot. for Summ. J., 2/22/16, at ¶¶ 5-6.

By order entered on May 6, 2016, the trial court granted summary judgment and directed that an *in rem* judgment be entered in BANA's favor. Appellants timely appealed and complied with the court's order to submit a Pa.R.A.P. 1925(b) statement.

Appellants present the following question for review:

Did the trial court commit an error of law in granting foreclosing lender's Motion for Summary Judgment when [BANA]'s motion was founded upon an inadmissible testimonial affidavit?

Appellants' Brief at 8.

Appellants rely on **Borough of Nanty-Glo v. American Surety Co. of New York**, 163 A. 523 (Pa. 1932), to assert that the entry of summary judgment was "predicated upon an impermissible affidavit." Appellants' Brief at 13. They claim that "there exists no properly recorded mortgage through the chain of mortgage title." **Id.** at 14. According to Appellants, BANA thus lacked "authority/standing to foreclose." **Id.** at 15. Appellants,

however, concede that "[t]he note was endorsed in blank[,]" as well as a

"loan default." *Id.* at 9. No relief is due.

Our standard of review is well settled:

> [w]e review an order granting summary judgment for an abuse of discretion. Our scope of review is plenary, and we view the record in the light most favorable to the nonmoving party. A party bearing the burden of proof at trial is entitled to summary judgment "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report[.]" In response to a summary judgment motion, the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact.

*Bank of America, N.A. v. Gibson*, 102 A.3d 462, 464 (Pa. Super. 2014)

(citations omitted).

It is well settled that

> [t]he holder of a mortgage has the right, upon default, to initiate a foreclosure action. Additionally, the mortgage holder "is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." The foreclosing party can prove standing either by showing that it (1) originated or was assigned the mortgage, **or** (2) is the holder of the note specially indorsed to it **or** indorsed in blank.

*Gerber v. Piergrossi*, 142 A.3d 854, 859-60 (Pa. Super. 2016) (citation

omitted).

Moreover,

> ***Nanty–Glo*** prohibits entry of summary judgment based on the moving party's oral testimony. "An exception to this rule exists, however, where the moving party supports

the motion by using admissions of the opposing party. . . ." Admissions include facts admitted in pleadings.

***Gibson***, 102 A.3d at 466 (citations omitted). "[I]n mortgage foreclosure actions, general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing [on the mortgage] must be considered an admission of those facts." ***Id.*** at 467 (citation and quotation marks omitted).

Instantly, Appellants' focus on the Suntrust affidavit is of no avail. Apart from the affidavit, we agree with the trial court that Appellants' general denials and assertions that they lacked of sufficient knowledge in their answer constituted admissions. ***See id.*** at 466-67; Trial Ct. Op. at 3. Additionally, BANA adduced further bases for its "standing" to foreclose in its reply to Appellants' new matter, including a copy of the assignment as well as the bearer note. ***See Piergrossi***, 142 A.3d at 859-60; BANA's Reply to Appellants' New Matter, Ex. B. In any event, because Appellants failed to deny the relevant portions of BANA's complaint with the required specificity, their appellate challenge to the affidavit based on ***Nanty-Glo*** lacks merit. ***See Gibson***, 102 A.3d at 466-67. Accordingly, Appellants' argument warrants no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/2017