J-S02026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| AMERICAN ADVISORS GROUP, DLJ MORTGAGE CAPITAL, INC., AND REVERSE MORTGAGE FUNDING, LLC | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| EILEEN RIDEOUT KNOWN SURVIVING HEIR OF EDWARD J. RIDEOUT, EDWARD J. RIDEOUT, III KNOWN SURVIVING HEIR OF EDWARD J. RIDEOUT, CATHERINE RIDEOUT KNOWN SURVIVING HEIR OF EDWARD J. RIDEOUT, AND UNKNOWN SURVIVING HEIRS OF EDWARD J. RIDEOUT | : : : : : : : : : : : | No. 1938 EDA 2024 |
| APPEAL OF: EILEEN RIDEOUT | : | |

Appeal from the Order Entered July 2, 2024
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2019-26016

BEFORE: LAZARUS, P.J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY DUBOW, J.: **FILED MAY 14, 2025**

Appellant, Eileen Rideout, appeals from the July 2, 2024 order entered in the Montgomery County Court of Common Pleas granting summary judgment to Appellee, DLJ Mortgage Capital, Inc., in this mortgage foreclosure action.[1] After careful consideration, we affirm the grant of summary judgment

---

[1] During this litigation, the trial court substituted Appellee as the plaintiff, as it is the current holder of the note following several recorded assignments and named Eileen Rideout, Executrix of the Estate of Edward J. Rideout, as the defendant, discontinuing the action against Mr. Rideout's heirs.

but vacate the *in rem* judgment and remand for the trial court to reconsider the inclusion of real estate taxes in the judgment.

This case involves a home equity conversion mortgage ("the Mortgage") entered into by Appellant's husband, Edward J. Rideout, on December 24, 2013. The Mortgage encumbered real property located at 715 Kenmare Road in Bala Cynwyd ("the Property") and secured an adjustable-rate note ("the Note").

On May 16, 2019, Mr. Rideout passed away. Relevantly, the Mortgage provided for payment in full upon the death of the borrower, which did not occur following Mr. Rideout's death. Mortgage, 12/24/13, at ¶ 9(a)(1). Accordingly, on November 5, 2019, Appellee filed a mortgage foreclosure complaint.

On February 22, 2024, Appellee filed the instant motion for summary judgment, attaching an affidavit listing the following amounts due:

> Principal Balance - $162,865.65
> Interest through February 08, 2024 - $101,314.84
> Attorney Fees and Costs - $8,038.00
> **Mortgage Insurance Premium (MIP) - $35,137.71**
> **Taxes - $29,067.56**
> Property Inspections - $1,180.00
> Appraisals - $425.00
> TOTAL - $338,028.76

Appellee's Motion for Summary Judgment, 2/22/24, Exh. M, Affidavit of Desiree Scavo, at ¶ 5 (emphasis added).

In response, Appellant, *inter alia*, disputed Appellee's inclusion of taxes and insurance premiums in the damages sought. She averred in an affidavit

that she, rather than Appellee, had paid the taxes and insurance premiums. She attached documentation indicating her payment of homeowners' insurance premiums. She also provided a duplicate tax receipt from the Township of Lower Merion showing that the 2022 and 2023 real estate taxes had been paid, but without indicating the payor. She additionally included a document time-stamped on April 3, 2023, by the Lower Merion Township Tax Collector with handwritten notes indicating that the 2023 tax had been paid with an Estate account check.

On July 2, 2024, the court granted summary judgment in favor of Appellee and ordered entry of *in rem* judgment of $338,028.76, the full amount sought by Appellee, plus costs and interest.

On July 15, 2024, Appellant filed a notice of appeal and subsequently filed a Pa.R.A.P. 1925(b) statement. In its Rule 1925(a) opinion, the trial court rejected most of Appellant's arguments, opining that Appellant failed "to produce evidence of facts essential to counter the mortgage foreclosure or assert a cognizable defense [that] would require the issues to be presented at trial." Trial. Ct. Op., 9/18/24, at 5-6. The court, however, opined that it erred in including the insurance premiums and real estate taxes in the *in rem* judgment. The court requested that this Court remand "for modification of the total judgment amount to account for the [Appellant's] documented real estate tax and homeowners['] insurance payments." *Id.* at 6.

Appellant raises the following issue on appeal:

Whether the [t]rial [c]ourt's decision to enter summary judgment in favor of [Appellee] and entry of a judgment in the amount of $338,028.76 was an abuse of discretion and disregarded competent evidence of [Appellant] submitted to the [t]rial [c]ourt[?]

Appellant's Br. at 2.

"[S]ummary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Summer v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010) (citation omitted). Appellate courts review a trial court's grant of summary judgment for "an error of law or an abuse of discretion." *Id.* (citation omitted). A trial court's determination of "whether there are no genuine issues as to any material fact presents a question of law." *Id.* (citation omitted). Therefore, "our standard of review is *de novo*[,]" and our scope of review is plenary. *Id.* (citation omitted). Like the trial court, we view the facts of record and any reasonable inferences in a light most favorable to the non-moving party. *Id.*

In responding to a summary judgment motion, the non-moving party "may not rest upon the mere allegations or denials of the pleadings" but must, *inter alia*, identify "one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion[.]" Pa.R.Civ.P. 1035.3(a)(1). The non-moving party may also supplement the record. Pa.R.Civ.P. 1035.3(b).

As applied specifically to mortgage foreclosure cases, "the mortgage holder is entitled to summary judgment if the mortgagor admits that the

mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." ***Gerber v. Piergrossi***, 142 A.3d 854, 859 (Pa. Super. 2016) (internal quotation marks and citation omitted). "[G]eneral denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing must be considered an admission of those facts[,]" based upon the presumption that the mortgagees and mortgagors are "the only parties who would have sufficient knowledge on which to base a specific denial." ***First Wisconsin Trust Company v. Strausser***, 653 A.2d 688, 692 (Pa. Super. 1995); ***see also*** Pa.R.Civ.P. 1029(b) (providing that "[a] general denial or a demand for proof . . . shall have the effect of an admission).

Appellant claims that the trial court erred in granting summary judgment in favor of Appellee. Appellant's argument primarily addresses the inclusion of real estate taxes and insurance premiums in the total amount due. Appellant's Br. at 4, 6-7. As noted, the trial court agreed with Appellant and requested a remand to permit "modification of the total judgment amount to account for [Appellant's] documented real estate tax and homeowners['] insurance payments." Trial Ct. Op. at 6.

After reviewing the record, we conclude that a remand is necessary to address the inclusion of real estate taxes in the *in rem* judgment but not the insurance premiums. In regard to the insurance premiums, we agree with Appellee that while Appellant presented invoices indicating her payment of **homeowner's** insurance premiums, she did not present any evidence that

she paid the **mortgage** insurance premiums sought by Appellee. Thus, she has not raised a question of fact regarding the imposition of mortgage insurance premiums and remand is not needed to address that issue.

In contrast, however, we agree with the trial court that a remand is needed to address the inclusion of real estate taxes in the *in rem* judgment. We caution the court, however, that the documents submitted by the parties create a question of fact regarding which party paid the taxes. Specifically, Appellant submitted documents in response to Appellee's motion for summary judgment indicating the payment of the Property's real estate taxes in 2022 and 2023, but the documents do not set forth who paid the taxes, other than an unsigned, handwritten notation on one document indicating that the 2023 taxes were paid with an Estate check. In contrast, Appellee presented Ms. Scavo's affidavit listing the amount of taxes paid, which Appellee claims is supported by a "Balance History" chart listing transaction codes, but without any legend to decipher the codes. Appellee's Br. at 9, 11. Given the conflict in the documents, we remand for the trial court to determine which party paid the real estate taxes and whether the amount should be included in the total judgment.

We additionally reject Appellant's undeveloped challenges to the other aspects of the court's determination. Specifically, without citation to the record or precedent, Appellant asserts that Appellee failed to demonstrate its calculation of interest due; its compliance with foreclosure action requirements; the validity of Mr. Rideout signatures on the Mortgage and

Note, and the validity of the Mortgage assignments. Appellant's Br. at 8. We conclude that Appellant waived these bald and unsupported claims under the Rules of Appellate Procedure. *See* Pa.R.A.P. 2101 (stating that an appellate court may quash or dismiss an appeal where defects in briefing are substantial); 2119(a-d) (requiring argument to provide pertinent discussion and citation of authorities and record).[2] Thus, Appellant fails to raise any viable issues challenging the trial court's grant of summary judgment on the merits of the foreclosure action.

Accordingly, we affirm the grant of summary judgment in favor of Appellee but vacate the *in rem* judgment and remand for the trial court to reconsider the inclusion of real estate taxes in the judgment.

Order affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/14/2025

---

[2] Appellant also claims that she "was not given the opportunity to contest whether or not [Appellant] had acted reasonably and in good faith when it denied allowing her to assume the reverse mortgage from her deceased husband[.]" Appellant's Br. at 4. We conclude that Appellant waived this argument as she did not raise it in her Rule 1925(b) statement. Pa.R.A.P. 1925(b)(4)(vii).