J-A19014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON (F/K/A THE BANK OF NEW YORK), SUCCESSOR TO JPMORGAN CHASE BANK NA, IN TRUST FOR REGISTERED HOLDERS BEAR STERNS ASSET BACKED SECURITIES 2006-2, ASSEST BACKED CERTIFICATES, SERIES 2006-2 | : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | No. 3083 EDA 2018 |
| v. | : : : | |
| HOWARD J. POOLER A/K/A HOWARD POOLER AND LISA ROSENBERGER | : : : | |
| Appellants | : | |

Appeal from the Order Entered September 14, 2018
In the Court of Common Pleas of Monroe County
Civil Division at No(s):  7411 CV 2017

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and STEVENS, P.J.E.*

MEMORANDUM BY PANELLA, P.J.:                **FILED NOVEMBER 27, 2019**

Howard J. Pooler and Lisa Rosenberger appeal the trial court's order granting summary judgment in favor of the Bank of New York in this mortgage foreclosure action. Specifically, Appellants contend that the trial court erred when it struck several of Appellants' claims raised as new matter and granted summary judgment in favor of Bank of New York. We affirm.

Appellants entered into a mortgage contract with Eagle National Bank in 1998 for an adjustable rate mortgage on a property in East Stroudsburg,

_____

* Former Justice specially assigned to the Superior Court.

Pennsylvania. The mortgage was later assigned to Unicor Mortgage, Inc. and then assigned to Bank of New York. Appellants stopped making payments on the loan in 2012. After giving the required notice of default and intent to foreclose, Bank of New York initiated this mortgage foreclosure action against Appellants.

Appellants filed an answer to the complaint in which they raised seventy-two numbered paragraphs of claims and defenses. The trial court struck six claims after sustaining Bank of New York's preliminary objections.

Bank of New York then filed a motion for summary judgment. Finding that Appellants came forward with no evidence to refute the fact that they have not made a mortgage payment since August 2012, or to refute that Bank of New York has the right to foreclose on the loan, the trial court granted summary judgment in favor of Bank of New York. This timely appeal followed.

Appellants raise three questions on appeal.

1. Did the court below err as a matter of law in granting [Bank of New York's] motion for summary judgment?

2. Did the court below err as a matter of law in dismissing the [Appellants'] new matter against [Bank of New York] which included, *inter alia*, claims for breach of contract, failure to comply with truth in lending disclosure requirements, violations of the Real Estate Settlement Procedures Act and failure to comply with Pennsylvania Unfair Trade Practices and Consumer Protection laws?

3. Did the court below err as a matter of law in dismissing the [Appellants'] new matter, as they were integral to the entire case, particularly the creation of the mortgage and note, upon which [Bank of New York] is relying?

Appellant's Brief, at 4 (questions reordered, unnecessary capitalization omitted).[1]

In the first issue, Appellants claim that the trial court erred when it granted Bank of New York's motion for summary judgment. **See** Appellants' Brief, at 17-22.

> This Court's scope and standard of review of a trial court's order granting summary judgment is well-settled:
>
>> In reviewing an order granting summary judgment, our scope of review is plenary, and our standard of review is the same as that applied by the trial court. Our Supreme Court has stated the applicable standard of review as follows: [A]n appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is *de novo*.

---

[1] The argument section of Appellants' brief contains a discussion that does not appear to be related to any question presented. This far-ranging discussion covers a large range of claims: the verification of Bank of New York's complaint, the alleged involvement of MERS as a past-assignee of the mortgage, and a list of eleven "issues in the instant case that the Appellants attempted to preserve for the instant appeal." Appellants' Brief, at 11; **see id.** at 10-12. These issues are not included in the questions presented, and are not developed. In fact this entire discussion appears to be copied and pasted with minimal edits, from Appellants' brief in response to Bank of New York's preliminary objections. Accordingly, we do not address these claims. **See** Pa.R.A.P. 2116 ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a prima facie cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

Summary judgment in mortgage foreclosure actions is subject to the same rules as other civil actions. **See** Pa.R.C.P. 1141(b).

**Gerber v. Piergrossi**, 142 A.3d 854, 858 (Pa. Super. 2016), *appeal denied*, 166 A.3d 1215 (Pa. 2017) (case citation omitted).

The holder of a mortgage has the right, upon default, to bring a foreclosure action. The holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount.

**Bank of Am., N.A. v. Gibson**, 102 A.3d 462, 464–65 (Pa. Super. 2014) (citations omitted).

Here, Bank of New York established that it is the holder of the mortgage by producing the original recorded mortgage note and its recorded assignments. Appellants produced no evidence to challenge Bank of New York's standing to foreclose. There is no evidence in the recorded note or assignments that Mortgage Electronic Registration Systems, Inc. (MERS) was ever the mortgagee, or that there were any inappropriate assignments of the mortgage. In addition, Appellants have not produced any evidence that the mortgage is not in default, nor have they refuted that they have not made payment on the mortgage loan since 2012. Finally, Appellants admitted that

the mortgage was initially executed in 1998 for $143,100.00 when they failed to specifically deny this allegation in their answer. *See* Pa.R.C.P. 1029(b). Accordingly, we conclude that because no questions of material fact exist as to any element, the trial court did not err in granting summary judgment.[2] *See Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa. Super. 1998) (summary judgment appropriate where mortgagee admitted to amount for which mortgage was recorded).

In their next two issues, Appellants assert that the trial court erred when it sustained Bank of New York's preliminary objections and dismissed their defenses. *See* Appellants' Brief, at 12-17. However, Appellants fail to develop their argument in a meaningful manner.

After sustaining, in part, Bank of New York's preliminary objections, the trial court struck the following from Appellants' new matter: claim under the Fair Debt Collections Practice Act; claim under the Unfair Trade Practices and Consumer Protection Law; claim for damages; claim of a violation of loan servicing requirements under federal law; claim for a violation of the Fair Credit Reporting Act; and claim for a violation of federal law for Bank of New York's collection and loan servicing practices. *See* Order, 2/14/18, at 2. However, Appellants fail to distinguish or form any argument concerning any

---

[2] Furthermore, we note that Appellants failed to file a response to Bank of New York's motion for summary judgment, as required by Pa.R.C.P. 1035.3. Although the trial court still considered the motion on the merits, it had the authority to grant summary judgment on this basis alone. *See* Pa.R.C.P. 1035.3.

of the claims that the court dismissed. Rather, to the extent Appellants set forth any cogent argument concerning the dismissal of new matter, they contend that their claim for fraud in the inducement of the mortgage is a permissible counterclaim. *See* Appellants' Brief, at 12-17.

"When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." ***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942-943 (Pa. Super. 2006) (citation omitted). Appellants fail to develop any argument concerning the new matter that the trial court struck. Most importantly, they do not identify where, in their pleadings, they set forth the factual basis for their claim of fraud in the inducement. Accordingly, we will not consider the merits of their final issues.

Judgment affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/27/19