J-S39003-23

`NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF CSMC 2019-RPL5 TRUST, C/O RUSHMORE LOAN MANAGEMENT SERVICES, LLC | : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | No. 181 MDA 2023 |
| FRANK P. MILLS, AS EXECUTOR FOR THE ESTATE OF PAUL A. MILES, DECEASED | : : : : | |
| Appellant | : | |

Appeal from the Order Entered January 5, 2023
In the Court of Common Pleas of Clinton County Civil Division at No(s):
2020-00433

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:          **FILED:  DECEMBER 28, 2023**

Appellant Frank P. Mills, as Executor for the Estate of Paul A. Miles, appeals from the January 5, 2023 Order entered by the Clinton County Court of Common Pleas, granting summary judgment in this mortgage foreclosure action.  After careful review, we affirm.

This case involves Appellee Wilmington Savings Fund Society, FSB's attempt to collect a mortgage note executed by Paul A. Miles ("Decedent") on May 4, 2005, in the amount of $130,000 ("Mortgage"), secured by real

property in Clinton County ("Property").[1]  Decedent died in September 2006, with a will naming Appellant as the executor of the estate.

Appellee alleges that the Mortgage was in default as of July 1, 2019 due to non-payment.  After providing the requisite Notice of Intention to Foreclose, Appellee filed its Complaint on March 16, 2020, and an Amended Complaint on July 6, 2020.  Relevantly, Appellee averred as follows:

> 9. The aforesaid Mortgage is in default because the required monthly payments due under the terms of the aforesaid Mortgage have not been made from July 1, 2019 through the present date.

Amended Complaint, 7/6/20, at ¶ 9.  Paragraph 12 set forth the principal balance, interest, fees, and costs due as of February 7, 2020, totaling $59,324.94 and including "Foreclosure Fees" of $1,360.00.  Appellee sought judgment *in rem* against Appellant for foreclosure and sale of the Property.

On March 19, 2021, following settlement attempts and other proceedings, Appellant filed an Answer, New Matter, and Counterclaim.  In it, he provided the following response to Paragraph 9 of the Amended Complaint:

> 9. Denied.  The statements contained in Paragraph 9 of the Amended Complaint constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, any and all averments contained therein are specifically denied and strict proof is demanded.

Answer, 3/19/21, at ¶ 9.  Regarding Paragraph 12, Appellant responded:

---

[1] Wilmington Savings Fund Society, FSB, not in its Individual Capacity, but solely as Trustee of CSMC 2019-RPL5 Trust, granted a power of attorney regarding the Mortgage to its loan servicing agent, Rushmore Loan Management Services, LLC.  We refer to these entities collectively as "Appellee."

12. Denied. The statements contained in Paragraph 12 of the Amended Complaint constitute conclusions of law to which no response is necessary. To the extent a response is deemed to be necessary, any and all averments contained therein are specifically denied and strict proof is demanded. By way of further response, Defendant specifically denies that Plaintiff is entitled to any sum of money relative to this matter.

*Id.* at ¶ 12.

In his New Matter, as relevant to the issues on appeal, Appellant contested Appellee's inclusion of the amounts due in Paragraph 12, including the "Foreclosure Fees" as follows:

32. Plaintiff lacks authority to charge various fees included in its calculations of "amounts due" as described in Paragraph 12 of the Amended Complaint.

33. For example, Plaintiff's calculations of "amounts due" include "Foreclosure Fees" of $1,360.00, as indicated in Paragraph 12 of the Amended Complaint.

34. Said "Foreclosure Fees" are not explained in any manner and are not specifically listed as fees applicable to Defendant in any way in the alleged mortgage documents.

35. Upon information and belief, Plaintiff lacks authority to seek collection of various other fees/costs identified in Paragraph 12 of the Amended Complaint.

*Id.* at ¶¶ 32-35. In response, Appellee denied these paragraphs either "as a conclusion of law" or by asserting that the "Amended Complaint is a document that speaks for itself." [Appellee's] Reply to [Appellant's] New Matter, 6/30/21, at ¶32-35.

On October 1, 2021, Appellee filed its Motion for Summary Judgment, asserting that there were no issues of material fact. It attached to the motion records related to the Mortgage as well as an affidavit by Appellee's employee

which attached a Payoff Statement listing the amounts due of as September 30, 2021 but not explaining the calculation of the fees.[2] In the motion, Appellee urged the court to deem Appellant's general denials to Paragraphs 9 and 12 to be admissions pursuant to Pa.R.Civ.P. 1029.[3]

Appellant's counsel responded to the Motion for Summary Judgment by filing a Memorandum, without supporting documentation, asserting that "numerous issues of material fact[]" remained. [Appellant's] Memorandum of Law in Response to Motion for Summary Judgment, 10/25/21, at 1. The memorandum, *inter alia*, argued that Paragraphs 9 and 12 should not be deemed admissions and reiterated his challenge to the calculation of fees, including the Foreclosure Fees.

The trial court heard argument on February 9, 2022. In an Order filed January 5, 2023, the court granted Appellee's Motion for Summary Judgment and entered judgment *in rem* against Appellant.[4]

---

[2] The exhibits included Appellant's admission that mortgage payments had ceased as of July 2019 and his admission of the amount of the mortgage payoff plus interest. Appellant's Answers to [Appellee's] First Request for Admissions, 7/12/2021. Appellant, however, denied the amounts of the other fees claiming that they were unknown to him.

[3] Motion for Summary Judgment, 10/1/21, at ¶ 14 (quoting Pa.R.Civ.P. 1029(b) (mandating that "[a]verments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication").

[4] In the same order, the court denied Appellant's Motion to Enforce Settlement Agreement, observing that Appellant failed to provide evidence of an agreement. Trial Ct. Op., 1/5/23, at 3 (unpaginated).

On February 1, 2023, Appellant filed a Notice of Appeal.[5] The court did not request Appellant to provide a Statement of Errors Complained of on Appeal but instead filed a Statement in Lieu of Pa.R.A.P. 1925 on May 11, 2023, attaching its Memorandum and Order filed on January 5, 2023.

Before this Court, Appellant raises the following issues:

A. Whether the trial court committed an error of law/abuse of discretion by granting summary judgment in favor of the Appellee in reliance upon *First Wisconsin Trust Company v. Strausser*, 653 A.2d 688 (Pa. Super. 1995)[,] as Appellant had a reasonable basis for denying the amount allegedly due and owing under the alleged mortgage based upon his status as the executor of the estate of the mortgagor?

B. Whether the lower court committed an error of law/abuse of discretion in granting summary judgment in favor of the Appellee despite Appellant's allegations of fraud, which are clear-cut from the assignments of mortgage filed on record in the office of the recorder of deeds?

C. Whether the lower court committed an error of law/abuse of discretion in granting summary [judgment] for the total sum demanded by the Appellee in its complaint, despite various fees, including but not limited to "Foreclosure Fees" in the amount of $6,905.00 going completely unexplained by the Appellee?

D. Whether the lower court committed an error o[f] law/abuse of discretion in disp[a]rately treating the denials as con[cl]usion[s] of law of both parties in their pleadings, with the lower court consid[er]ing Appellant's denials as admissions but refusing to do the same with Appellee's similar denials?

Appellant's Br. at 6.

**A.**

---

[5] Appellee also filed an Application for Stay of Summary Judgment Order, pending resolution of this appeal, which the court granted on May 24, 2023.

As Appellant challenges the trial court's grant of summary judgment, "[o]ur standard of review . . . is *de novo*[,] and our scope of review is plenary." ***Pyeritz v. Commonwealth***, 32 A.3d 687, 692 (Pa. 2011). "[S]ummary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." ***Summer v. Certainteed Corp.***, 997 A.2d 1152, 1159 (Pa. 2010) (citation omitted); ***see also*** Pa.R.Civ.P. 1035.2. Like the trial court, we view the facts of record and any reasonable inferences in a light most favorable to the non-moving party. ***Summer***, 997 A.2d at 1159. In mortgage foreclosure cases, "the mortgage holder is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." ***Gerber v. Piergrossi***, 142 A.3d 854, 859 (Pa. Super. 2016) (internal quotation marks and citation omitted).

The Rules of Civil Procedure dictate that the party adverse to summary judgment "may not rest upon the mere allegations or denials of the pleadings" but must, *inter alia*, identify "one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion[.]" Pa.R.Civ.P. No. 1035.3.

Notably, in regard to denials in pleadings, "[a]verments in a pleading to which a responsive pleading is required are admitted when not denied specifically[.]" Pa.R.Civ.P. 1029(b). Absent certain exceptions, "[a] general

- 6 -

denial or a demand for proof . . . shall have the effect of an admission." *Id.* This general rule does not apply where a party lacks knowledge of the truth of the averment. Pa.R.Crim.P. 1029(c). The exception for lack of knowledge, however, "does not excuse a failure to admit or deny a factual allegation when it is clear that the pleader must know whether a particular allegation is true or false." *Id.* at Note. "While averments of fact require a denial, conclusions of law do not compel a response." *Rohrer v. Pope*, 918 A.2d 122, 129 (Pa. Super. 2007).

This Court applied Rule 1029 to a summary judgment motion in a mortgage foreclosure action in *First Wisconsin Trust Company v. Strausser*, 653 A.2d 688 (Pa. Super. 1995). In *Strausser*, the Court explained that "in mortgage foreclosure actions, general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing must be considered an admission of those facts[,]" based upon the presumption that the mortgagees and mortgagors are "the only parties who would have sufficient knowledge on which to base a specific denial." 653 A.2d at 692.

**B.**

Appellant first challenges the trial court's reliance on *Strausser* for the proposition that his general denial of Paragraphs 9 and 12 constitutes an admission of the allegations in those paragraphs. Appellant's Brief at 8-11. He claims that this precedent is inapplicable because he is the executor, not the mortgagor, and thus should not be assumed to have the same knowledge

as a mortgagor. As applied to the instant case, he emphasizes that he "was not a party to payments on the mortgage for a significant portion of the mortgage's existence." Appellant's Br. at 10. In support, he cites ***US Bank, NA v. Pautenis***, 118 A.3d 386 (Pa. Super. 2015), for the proposition that a general denial of amounts owed under a mortgage does not constitute an admission if the party has a reason for not knowing the amounts.

Appellant also claims that he presented more than a general denial based upon his New Matter which challenged Appellee's authority to charge the fees set forth in Paragraph 12, including the Foreclosure Fees which he contended were not explained. Appellant's Br. at 10 (citing New Matter at ¶¶ 32-34).[6] He observes that the claimed Foreclosure Fees rose from $1,360 in the Complaint to $6,905 in the Summary Judgment Motion, without explanation. Appellant's Br. at 13. He therefore asserts that summary judgment was improper where a genuine issue of fact existed regarding the amounts due under the Mortgage, including the Foreclosure Fees.

Upon review, we conclude that the trial court did not err in relying upon ***Strausser*** and deeming Appellant's denials of Paragraphs 9 and 12 to constitute admissions. Appellant fails to provide authority for his asserted distinction between mortgagors and executors. Moreover, ***Pautenis*** does not support his argument as it does not involve an executor and is factually and procedurally distinguishable, as ***Pautenis*** involved a post-trial motion rather

---

[6] Appellant also addresses the Foreclosure Fees in his third question. As we find that the issue overlap, we will address these issues jointly.

than a summary judgment motion.[7] Indeed, contrary to Appellant's argument, **Pautenis** supports the trial court's reliance on **Strausser**. In *dicta*, the **Pautenis** court opined that the mortgagor's "failure to specifically deny the allegations regarding the amount due on the mortgage" could "have constituted an admission at the summary judgment phase." 118 A.3d at 397 n.12.

As Appellant did not provide any factual explanation for his denial as occurred at trial in **Pautenis**, the trial court properly deemed Appellant's responses to Paragraph 9, in regard to the failure to pay, and Paragraph 12, setting forth the amounts due, to constitute admissions under **Strausser**.

Turning to his challenge to the Foreclosure Fees raised in his New Matter, we note that Appellant does not direct us to any attempt to seek discovery regarding Appellee's calculation of the fees prior to Appellee's filing for summary judgment nor does Appellant identify the amount of Foreclosure Fees that he believed was appropriate. Therefore, we conclude that his vague challenge does not alter the determination that he admitted to the amounts due by failing to counter the amounts set forth in Paragraph 12 of the

---

[7] Unlike the summary judgment motions in **Strausser** and the instant case, **Pautenis** involved a post-trial challenge in a mortgage foreclosure action where the mortgagor originally answered with a general denial based upon her asserted lack of knowledge but subsequently testified at trial explaining that her lack of knowledge resulted from specific deficiencies in the mortgagee's records. **Id.** at 396. This Court found that she "did not have sufficient knowledge upon which to base a specific denial as to the amount owed on the loan[,]" such that her general denial should not have the "effect of an admission." **Id.**

Amended Complaint, including the Foreclosure Fees. Based upon the deemed admissions to Paragraphs 9 and 12, which establish that the Mortgage was in default due to the failure to pay since July 1, 2019, and the amounts due, we conclude that the trial court did not err in granting summary judgment.

## C.

Appellant next claims that the trial court erred and abused its discretion in granting summary judgment to Appellee despite Appellant's allegation of a flaw relating to the signatories on a prior assignment of the Mortgage. Appellant's Br. at 11-12. He claims the 2007 assignment of the Mortgage had been signed by employees of the assignee, not the assignor, rendering the 2007 assignment and the subsequent assignment to Appellee invalid. *Id.* (citing New Matter at ¶ 23-28). Without any citation or argument, Appellant characterizes the improper assignment as "fraud." *Id.* at 12. Appellant claims that, in the absence of a proper chain of assignments, Appellee did not have standing to bring a foreclosure action.

Regardless of the merits of Appellant's claim, Appellant does not have standing to pursue this issue. As Appellee argues,[8] this Court has clearly held that "a borrower lacks standing to challenge the validity of the assignment" of a mortgage in cases where the mortgagee does not contest the possession or authenticity of the note. *Gerber*, 142 A.3d at 862. In such cases, the borrower does not have standing because the "borrower is not in peril of

_____

[8] The trial court did not address this issue in its Memorandum and did not request a Pa.R.A.P. 1925(b) Statement of Errors Complained of on Appeal.

- 10 -

double liability or injury by an allegedly defective assignment[;]" rather, "if the assignment to the foreclosing party had been defective, the borrower would not have to pay on the note to another party." *Id.* As Appellant does not have standing to raise this issue, we do not address the merits.

**D.**

Finally, Appellant claims that the trial court imposed its rulings unequally, based upon the court's decision to deem his denials as admissions but not apply the same to Appellee. Appellant's Br. at 14-15. He observes that Appellee responded to his New Matter by denying numerous paragraphs as conclusions of law but emphasizes that the court did not deem these to be admissions of Appellee. He specifically claims that the court should have deemed Appellee to have admitted Paragraph 32 stating that Appellee "lack[ed] authority to charge various fees included in its calculations of 'amounts due' as described in Paragraph 12 of the Amended Complaint."[9]

Upon review, we conclude that the court did not err in applying Pa.R.Civ.P. Rule 1029 to distinguishable situations. As set forth above, the

---

[9] Appellant also claims that the court should have deemed Appellant's general denial of Paragraph 30 of his New Matter to be an admission. In Paragraph 30, Appellant asserted that the legal description of the Property attached to the Amended Complaint did not match the description in the Mortgage.

We conclude that Appellant waived this argument, as he fails to explain the nature and importance of the differences in the property description in his New Matter, Memorandum in Response to Summary Judgment, or Brief to this Court. As such, we are unable to discern its relevance to the trial court's grant of Summary Judgment. *See* Pa.R.A.P. 2119(a) (requiring discussion and citation of authorities as are deemed pertinent).

court deemed Appellant to have admitted the factual averments in Paragraphs 9 and 12 of the Amended Complaint because he failed to specifically deny them. In contrast, the court did not deem Appellee to have admitted to Paragraph 32 of Appellee's New Matter as it contained a conclusion of law regarding Appellee's authority to charge the relevant fees. Legal conclusions do not require responses and thus are not subject to the deemed admission construct of Rule 1029. We conclude that Appellant has not established a right to relief on this issue.

**E.**

After careful review, we conclude that Appellant failed to demonstrate that the trial court erred or abused its discretion in granting summary judgment. Accordingly, we affirm the court's order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/28/2023

- 12 -