J-S44042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| LIMA ONE CAPITAL, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AIXIAN PROPERTIES, LLC | : | |
| | : | |
| Appellant | : | No. 1265 EDA 2024 |

Appeal from the Order Entered April 4, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 221202642

BEFORE: NICHOLS, J., MURRAY, J., and LANE, J.

MEMORANDUM BY LANE, J.: **FILED MARCH 31, 2025**

Aixian Properties, LLC ("Aixian") appeals from the order granting the motion for summary judgment filed by Lima One Capital, LLC ("Lima One") in this mortgage foreclosure action. We affirm.

In July 2019, Aixian entered into a loan agreement with Lima One's predecessor-in-interest, First Rehab Lending, LLC ("First Rehab") wherein Aixian agreed to borrow up to $187,500 pursuant to a promissory note ("Note").[1] As security for repayment of the Note, Aixian executed and delivered a mortgage ("the Mortgage") on property located at 2707 Oakford Street, Philadelphia ("the property"). First Rehab duly recorded the Mortgage.

The terms of the Mortgage required Aixian to make monthly interest payments on the first of each month, beginning September 1, 2019, and

_____

[1] As part of this agreement, First Rehab required Nestor F. Colon, the sole-member of Aixian, to act as the guarantor for the loan.

ending on August 1, 2020, at which time any remaining unpaid principal and interest became due. Up until August 1, 2020, Aixian made only the minimum monthly payments required to cover the interest on the loan, and paid nothing towards the loan's principal balance. On August 1, 2020, Aixian defaulted on the loan. However, First Rehab did not foreclose on the Mortgage. In October 2020, Aixian submitted late payments for August and September, and on November 1, 2020, resumed making monthly interest payments on the loan.[2]

In October 2022, Aixian again defaulted on the loan. In December 2022, First Rehab assigned the Mortgage to Lima One, who duly recorded it. That same month, Lima One filed a complaint in mortgage foreclosure against Aixian, alleging that Aixian was in default of the Mortgage, itemizing the principal balance due ($187,500.00) and related costs, fees, and interest accruing on the Mortgage (for a total amount due of $204,764.79), and seeking a judgment in mortgage foreclosure on the property. In its counseled answer to the complaint, Aixian generally denied each of Lima One's claims. Aixian additionally plead several new matters, claiming, *inter alia*, that: (1) Lima One lacked standing to foreclose on the Mortgage; (2) Lima One's purported default date of October 1, 2022 was incorrect; and (3) Lima One's calculation of interest owed on the loan was incorrect. Notably, Aixian did not

---

[2] Aixian later missed payments on January 1, 2021, as well as on February 1, April 1, May 1, August 1, and September 1 of 2022. Again, First Rehab did not foreclose and Aixian submitted late payments for each.

attach any documents to their answer or provide any support for its averments. Lima One denied each of these newly-raised matters in its reply.

Lima One subsequently served discovery requests on Aixian consisting of interrogatories, requests for admissions, and requests for production of documents. Aixian only produced responses to Lima One's request for admissions, wherein it admitted that: (1) Aixian did not reinstate the loan since October 1, 2022; (2) each of Lima One's documents attached to the complaint is a true and correct copy of that document; and (3) Aixian signed each of these documents bearing its name.

In January 2024, Lima One filed a motion for summary judgment, alleging that Aixian's answer failed to assert a defense or raise a genuine issue of material fact. In support of the motion, Lima One attached copies of the complaint, Aixian's answer, Lima One's reply, the Note, the Mortgage, the Mortgage assignment, and its calculation of the current loan amount ($301,214.85) due to daily accruing interest on the principal balance and other itemized fees. Additionally, Lima One attached an affidavit signed by one of its employees, authenticating the documents.

In February 2024, Aixian filed a response to the summary judgment motion, arguing, *inter alia*, that a genuine issue of material fact existed as to the remaining amount owed on the Mortgage. Although Aixian filed a brief in support of this response, it did not attach any other documentation to support these statements. Lima One thereafter filed its own supplemental brief, arguing that even with the inclusion of Aixian's latest response to the summary

judgment motion, Aixian still failed to raise a genuine issue of material fact. In considering the motion, the trial court determined that Aixian's general denials regarding the default and the outstanding amount owed on the Mortgage constituted admissions to these facts. The trial court further determined that Aixian failed to raise a genuine issue of material fact in response to Lima One's mortgage foreclosure claim. Accordingly, on April 4, 2024, the trial court entered an order granting summary judgment in favor of Lima One in the amount of $301,214.85 plus interest, and authorizing the sale of the property. Aixian filed a timely notice of appeal, and both it and the trial court complied with Pa.R.A.P. 1925.

Aixian presents the following issue for our review: "Did the lower court err in granting summary judgment for [Lima One]?" Aixian's Brief at 5.

As Aixian is challenging the trial court's grant of summary judgment, we begin with our well-settled standard of review for appeals from such orders:

> We review an order granting summary judgment for an abuse of discretion. Our scope of review is plenary, and we view the record in the light most favorable to the nonmoving party. A party bearing the burden of proof at trial is entitled to summary judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report.

**Bank of Am., N.A. v. Gibson**, 102 A.3d 462, 464 (Pa. Super. 2014) (internal quotations and citations omitted). "In response to a summary judgment motion, the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact." **Id**.;

*see also* Pa.R.C.P. 1035.3(a). Accordingly, the "failure of a nonmoving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." ***JP Morgan Chase Bank, N.A. v. Murray***, 63 A.3d 1258, 1262 (Pa. Super. 2013) (citation omitted); ***see also*** Pa.R.C.P. 1035.2(2). Thus, it is this Court's responsibility "to determine whether the record either established that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder." ***Gerber v. Piergrossi***, 142 A.3d 854, 858 (Pa. Super. 2016) (citation omitted).

As it relates to mortgage foreclosure, "[t]he holder of a mortgage has the right, upon default, to bring a foreclosure action." ***Gibson***, 102 A.3d at 464-65 (citation omitted). Moreover, "[t]he holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." ***Id***. Notably, "[i]n mortgage foreclosure actions, general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing on the mortgage ***must*** be considered an admission of those facts." ***Id***. at 467 (original quotations and brackets omitted, emphasis added). This is due to the fact that, apart from the mortgagee, the mortgagor is the only party who would have sufficient knowledge on which to base a specific denial and thus

clearly know whether the allegations in a complaint are true. ***See First Wisconsin Trust Co. v. Strausser***, 653 A.2d 688, 692 (Pa. Super. 1995).

Aixian argues the trial court erred by granting summary judgment in favor of Lima One as a genuine issue of material fact existed as to the amount Aixian owed on the Mortgage. Specifically, Aixian contends that it made a final payment after the alleged default date, and that Lima One did not account for this payment in any of its pleadings. Thus, Aixian asserts that because Lima One's statement, that Aixian failed to make payments after October 1, 2022, was unsupported by the record, a genuine issue of material fact existed such that the trial court should not have granted summary judgment in favor of Lima One.

The trial court determined that Aixian's issue was without merit, reasoning as follows:

> [Aixian] has generally denied the default . . . and this court found that [Aixian] has not alleged specific facts that would contradict the elements of [its] claims by demonstrating that [it] is current on the monthly payments required by the Note and [the] Mortgage. The averments of default and the amount due are factual averments that required [Aixian] to plead specific facts in response since these averments are assertions of fact that are well within the knowledge of the mortgagor. As such, this court deemed [Aixian's] denial of default as admissions.
>
> . . . Because this court deemed [Aixian's] denial of default as an admission, the court found that [Aixian] effectively admitted the amount due and owing by way of general denial of [Lima One's] averments of such amounts. [Aixian] admitted its failure to pay on its obligation and the [Mortgage] was in the specific amount, [thus] summary judgment was proper. This court found that [Lima One] properly relied on [Aixian's] general denials as admissions and summary judgment is proper even when [Aixian]

- 6 -

has not admitted the total amount of the indebtedness in the responsive pleading.

* * * *

The court must grant summary judgment in favor of the moving party when the non-moving party fails to file an appropriate affidavit or other admissible evidence to create a genuine issue of material fact, unless the moving party's evidence in itself creates a factual question. In this case, the court found that [Aixian] failed to file an appropriate affidavit or other admissible evidence to create a genuine issue of material fact pursuant to the analysis above. . . .

Trial Court Opinion, 7/8/24, at unnumbered 5-7 (unnecessary capitalization and citations omitted).

After careful review of the record and viewing the evidence in the light most favorable to Aixian as the non-moving party, we discern neither legal error nor abuse of discretion by the trial court in granting summary judgment in favor of Lima One. Here, Aixian does not contest the trial court's determination that it defaulted on the Mortgage due to its failure to make a required payment in October 2022. Although Aixian does dispute Lima One's calculation of the Mortgage debt, by averring that Lima One failed to account for a payment made after the default date, it does so without providing **any** evidence to support its claims. We reiterate that the burden was on Aixian to adduce sufficient evidence in support of its denial to establish the existence of a material issue of fact. **See Murray**, 63 A.3d at 1262. Thus, absent any supporting evidence, Aixian failed to raise a genuine issue of material fact in this regard. **See id**.

Further, our review of the record shows that although Aixian purported to dispute the balance of the debt in response to the initial complaint and Lima One's motion for summary judgment, it did so generally and without providing any basis for its position. **See** Answer to Complaint, 2/7/23, at unnumbered 3; **see also** Response to Motion for Summary Judgment, 2/27/24, at unnumbered 2. Accordingly, we must consider these general denials as an admission of this fact. **See Gibson**, 102 A.3d at 467.

Consequently, because we determine that Aixian admitted: (1) it was in default of the Mortgage; (2) it did not make its scheduled October 2022 payment; and (3) it owed Lima One the principal balance of $187,500.00 (plus interest and other related costs and fees), we conclude the trial court's grant of summary judgment in favor of Lima One was without legal error or abuse of discretion. **See Gibson**, 102 A.3d at 464-65. Accordingly, we affirm the trial court's summary judgment order in favor of Lima One.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/31/2025