J-A28024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| WELLS FARGO BANK, NOT IN ITS INDIVIDUAL OR BANKING CAPACITY, LAKE COUNTRY MORTGAGE LOAN TRUST, NEWREZ LLC, D/B/A, SHELLPOINT MORTGAGE SERVICING | : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | No. 322 MDA 2025 |
| TINA BENNETT, GARY L. BENNETT, JERRY AND CRYSTAL TUTTLE | : : : : : | |
| APPEAL OF: JERRY AND CRYSTAL TUTTLE | : | |

Appeal from the Order Entered February 6, 2025
In the Court of Common Pleas of Susquehanna County Civil Division at
No(s):  2020-840

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED: MARCH 10, 2026**

Jerry and Crystal Tuttle (collectively, "the Tuttles") appeal from the entry of summary judgment in favor of Wells Fargo Bank, Not in Its Individual or Banking Capacity, Lake Country Mortgage Loan Trust, Newrez LLC, d/b/a/, Shellpoint Mortgage Servicing ("Wells Fargo") in this mortgage foreclosure action. We affirm.

The trial court summarized the facts and procedural history as follows:

> In July 1998, Gary L. Bennett, who is now deceased, and defendant Tina Bennett entered into a loan agreement (note) with Green Tree Consumer Discount Company in the amount of $128,250. The loan was secured by a mortgage

on real property located at 32 North Street, Forest City, Pennsylvania. On July 29, 1998, the mortgage was recorded in the Susquehanna County Recorder's Office. The mortgage was thereafter assigned to [Wells Fargo].

In October 2017, Gary L. Bennett died. Thereafter, Tina Bennett failed to make the payments required under the note and mortgage. No payments have been made on the note since April 2018. In July 2019, Act 91 notice was provided to defendant Tina Bennett as required by law. Defendant Tina Bennett failed to cure the default. On September 24, 2020, [Wells Fargo] filed this foreclosure action. Defendant Tina Bennett has never appeared or answered [Wells Fargo's] complaint, and [Wells Fargo] obtained a default judgment, sought a writ of execution, and the real property was sold at a sheriff's sale wherein [Wells Fargo] was the successful bidder. A sheriff's deed was executed conveying the subject real property to [Wells Fargo].

After obtaining the sheriff's deed and filing an ejectment action to recover possession of the subject real property, [Wells Fargo] discovered that [the Tuttles] had obtained a fifty (50%) interest in the subject real property by virtue of a court decision in 2018.[1] On May 25, 2023, [Wells Fargo] then filed a motion to set aside the sheriff['s] sale, strike the sheriff's deed, vacate the judgment and reaffirm the mortgage. On May 26, 2023, the court granted [Wells Fargo's] motion. [Wells Fargo] then sought to amend the pleadings to include the Tuttles as defendants, and the court granted the motion.

[1] Thus, the Tuttles were aware of the subject mortgage at least as early as 2018.

[Wells Fargo] filed an amended complaint on January 19, 2024. The Tuttles filed an answer and new matter. Thereafter, on November 21, 2024, [Wells Fargo] filed the present summary judgment motion together with a supporting brief. By order dated November 25, 2024, the court scheduled oral argument for January 30, 2025, and directed the Tuttles to file an opposition brief no later than five (5) days prior to the oral argument date. The Tuttles filed their responsive pleading and opposition brief to [Wells

Fargo's] motion for summary judgment on January 29, 2025. Oral argument occurred on January 30, 2025.

Trial Court Opinion, filed 2/6/25, at 1-2 (citations omitted).

On February 6, 2025, the court granted Wells Fargo's motion for summary judgment.[1] This appeal followed.

The Tuttles raise the following issue: "Whether the trial court abused its discretion in granting the entirety of [Wells Fargo's] summary judgment motion where there existed issues of material fact that necessarily prevented the entry of summary judgment on all matters before the trial court?" Tuttles's Br. at 5.

The Tuttles argue that the court erred in granting Wells Fargo's motion for summary judgment because there existed an issue of material fact as to Wells Fargo's timeliness in bringing the mortgage foreclosure action against

---

[1] The trial court correctly points out that the Tuttles's response to Wells Fargo's motion for summary judgment was untimely. **See** Trial Ct. Op. at 3-4. Pursuant to Pennsylvania Rule of Civil Procedure 1035.3(a), an "adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within [30] days after service of the motion[.]" Pa.R.Civ.P. 1035.3(a). Wells Fargo filed its motion for summary judgment on November 21, 2024. The Tuttles had 30 days after the date of service of the motion to file a response. The Tuttles's response filed on January 29, 2025 was untimely.

Further, as previously noted, on November 25, 2024, the court issued an order scheduling oral argument on the motion for summary judgment for January 30, 2025. The order set forth a briefing schedule stating, "Brief of the moving party is due no later than ten (10) days prior to the date set for argument. Brief of responding party is due no later than five (5) days prior to date set for argument[.]" Order, filed 11/26/24. The Tuttles filed their response one day prior to oral argument in contravention of the court's order. Nevertheless, the court entertained argument from both parties on the motion and addressed the merits of the Tuttles's response. We thus decline to base our decision on the untimeliness of the response. **See** Pa.R.Civ.P. 126.

them. *Id.* at 9. The Tuttles assert that since they have had an interest in the subject property since 2018, Wells Fargo should have added them as defendants in the initial action, "which would have resulted in a mitigation of damages considering [they] would have had opportunity to remedy the deficient payments of Appellee Bennett." *Id.* They point out that they addressed the issue regarding calculation of damages in both their new matter to the amended complaint and response to the motion for summary judgment. *Id.* at 13. In the Tuttles's view, Wells Fargo's "lack of haste" in bringing this action against them "directly resulted in them incurring additional damages by the accruing of penalties and interest on top of the principal of the mortgage." *Id.* at 14.

"[S]ummary judgment is only appropriate in cases where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Nicolaou v. Martin*, 195 A.3d 880, 891 (Pa. 2018) (citing Pa.R.Civ.P. 1035.2(1)). "When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party." *Id.* We "reverse a grant of summary judgment if there has been an error of law or an abuse of discretion." *Id.* at 892. Our standard of review is *de novo* and our scope of review is plenary. *Id.*

The holder of a mortgage has the right, upon default, to bring a foreclosure action. *Cunningham v. McWilliams*, 714 A.2d 1054, 1056–57

- 4 -

(Pa.Super. 1998). Summary judgment in a mortgage foreclosure action is subject to the same rules as other civil actions. ***CitiMortgage, Inc. v. Barbezat***, 131 A.3d 65, 67 (Pa.Super. 2016) (citing Pa.R.Civ.P. 1141(b)). In a mortgage foreclosure action, summary judgment is appropriate "if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." ***Gerber v. Piergrossi***, 142 A.3d 854, 859 (Pa.Super. 2016) (citation omitted).

Further, "general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing [on the mortgage] must be considered an admission of those facts." ***Bank of Am., N.A. v. Gibson***, 102 A.3d 462, 467 (Pa.Super. 2014) (citation omitted, alteration in ***Gibson***). Additionally, to defeat a motion for summary judgment, "the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact." ***Id.*** at 464 (citing Pa.R.Civ.P. 1035.3).

Here, to successfully defend against Wells Fargo's summary judgment motion, the Tuttles were obligated to identify "one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion[.]" Pa.R.Civ.P. 1035.3(a)(1). The Tuttles's purported issue of fact is their claim that Wells Fargo delayed in adding them to the lawsuit because Wells Fargo sought to enlarge the amount due under the mortgage. However, the Tuttles point to no evidence in the record to support this bald

assertion. They have not shown any evidence that Wells Fargo knew of their interest in the property prior to the ejectment action, purposely delayed notifying them for financial gain, or engaged in any deceitful practices. As the trial court aptly pointed out, "[a]t best, the Tuttles contend that if [Wells Fargo] had included the Tuttles as defendants in this litigation from its inception, or at some earlier point thereafter, then presumably the Tuttles would have taken steps to correct the delinquent payments;" however, "[t]he record has no evidence to support the Tuttles assertion that the costs of this matter would have been mitigated if [Wells Fargo] had added the Tuttles to the litigation sooner." Trial Ct. Op. at 5-6 & 6 n.4 (emphasis removed).

Moreover, the Tuttles's answer to the amended complaint and response to the motion for summary judgment contain only general denials and claims of lack of knowledge in response to Wells Fargo's assertions of default and amount due under the loan. These general denials and claims of lack of knowledge constitute admissions. **Gibson**, 102 A.3d at 467. The Tuttles have presented no facts to contest that the mortgage is in default, the mortgagors have failed to pay on the obligation, or the recorded mortgage is in a specific amount. **Gerber**, 142 A.3d at 859. The trial court thus acted correctly in granting summary judgment in favor of Wells Fargo since no material fact remains at issue as to any element in the mortgage foreclosure action.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 03/10/2026